IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CHARLES S. HARTZOL, III, #Y37720,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:25-cv-01629-MAB |
| | ) |
| **JESSICA N. ARMBRUSTER** | ) |
| **and R. CAMPBELL,** | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff Charles S. Hartzol, an inmate in the custody of the Illinois Department of Corrections (IDOC) and currently incarcerated at Menard Correctional Center (Menard), filed this civil rights action *pro se* pursuant to 42 U.S.C. § 1983. (Doc. 1). In the Complaint, Plaintiff brings claims for constitutional deprivations arising from the alleged use of excessive force against him at Menard. *Id*.

The Complaint is before the Court for screening under 28 U.S.C. § 1915A.[1] Any portion that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. *Id*. The factual allegations are liberally construed at this stage. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

---

[1] The Court has jurisdiction to screen the Complaint in light of Plaintiff's consent to the full jurisdiction of a Magistrate Judge, and the limited consent by the Illinois Department of Corrections to the exercise of Magistrate Judge jurisdiction as set forth in the Memorandum of Understanding between this Court and the Illinois Department of Corrections.

1

### THE COMPLAINT

Plaintiff sets forth the following allegations in the Complaint (Doc. 1, pp. 1-20): Jessica Armbruster (Badge #13822) and R. Campbell (Badge #13439) conducted a routine search of Plaintiff's cell on or around February 17, 2024. *Id*. at 5, 10-13. At the time, Plaintiff had a lawsuit pending against Officer Campbell, and the officer said he was "going to[ ] get [Plaintiff] back someway/somehow for filing an (sic) complaint up on him."[2] *Id*. at 5. During the search, Officers Armbruster and Campbell announced their discovery of an unknown substance on a sheet of folded paper found on the bottom bunk. *Id*. They suspected synthetic cannabis. *Id*. at 5-6, 12-13.

The officers informed Plaintiff and his cellmate that they were going to segregation. *Id*. at 6. They ordered both inmates to "strip out" in preparation for a bodily search first. Officer Campbell was responsible for searching Plaintiff. The officer told him to lift both lips and stick out his tongue. Plaintiff was then ordered to lift his penis, turn around, bend over, squat, and crouch. As Plaintiff did so, Officer Campbell twisted his hand until Plaintiff's pinky popped out of place. Officer Campbell then threw the handcuffed inmate onto the floor, pulled his shirt over his head, and beat him. *Id*.

Internal affairs did not question the plaintiff or his cellmate about the discovery of drugs. *Id*. at 5-6. They ordered no drug test, blood draw, or urinalysis. *Id*. More than a year later, Plaintiff received a Final Summary Report for a disciplinary ticket that was issued by Officer Armbruster on April 12, 2024. *Id*. at 5-6, 12-13. The ticket cited Plaintiff

---

[2] Plaintiff offers no information about the lawsuit or complaint he filed against Campbell. *Id*. at 5.

for violations of Rule 203: Drugs and Drug Paraphernalia and Rule 308: Contraband based on a field test conducted on the piece of paper yielding a preliminary positive result for synthetic cannabinoids on February 17, 2024. *Id*. at 12-13. The piece of paper was sent to a state lab for further testing on March 13, 2024, and an Illinois State Police Crime Lab Report confirmed the findings. *Id*. at 13. The Final Summary Report indicates that Plaintiff's cellmate pleaded guilty and accepted responsibility for the charges, resulting in a recommendation to expunge the ticket against Plaintiff on April 16, 2024. *Id*. at 16. This recommendation was approved, and the ticket against Plaintiff was expunged. *Id*. Plaintiff brings no claim for due process violations stemming from the ticket; he instead complains that staff[3] waited to return documentation of the incident for a year, to prevent him from exhausting his remedies and filing suit to address the use of excessive force against him by Officer Campbell. *Id*. at 5-6, 10-20.

## DISCUSSION

The Court designates two counts in the *pro se* Complaint:

**Count 1:** Eighth Amendment claim against Officer Campbell for using excessive force against Plaintiff after finding drugs in his cell on or around February 17, 2024.

**Count 2:** First Amendment claim against Officers Campbell and Armbruster for retaliating against Plaintiff for filing a past complaint against Officer Campbell by searching his cell, accusing him of drug possession, strip-searching him, and placing him in segregation on or around February 17, 2024.

---

[3] Plaintiff does not identify the "staff" by name or list "staff" as a defendant in the Complaint. Any claim arising from the staff's delay in returning documentation is considered dismissed without prejudice.

3

**Any other claim that is mentioned in the Complaint but not addressed here is considered dismissed without prejudice as inadequately pled under *Twombly*.**[4]

### Count 1

The Eighth Amendment guards against cruel and unusual punishment of convicted persons, including the "unnecessary and wanton infliction of pain." *Jones v. Anderson*, 116 F.4th 669, 677 (7th Cir. 2024) (quoting *Hudson v. McMillian*, 503 U.S. 1, 5 (1992)). When considering an excessive force claim, the core inquiry is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Jones v. Anderson*, 116 F.4th at 677 (quoting *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986)). Relevant factors in this analysis include "the need for application of the force, the amount of force applied, the threat an officer reasonably perceived, the effort made to temper the severity of the force used, and the extent of the injury that force caused to an inmate." *Id.* (citing *Fillmore v. Page*, 358 F.3d 496, 504 (7th Cir. 2004)). A constitutional claim arises in the context of a strip search when the officer conducts it in a harassing manner intended to "humiliate and inflict psychological pain" or when it "is 'maliciously motivated, unrelated to institutional security, and hence totally without penological justification.'" *Id.* at 678 (quoting *Whitman v. Nesic*, 368 F.3d 931, 934 (7th Cir. 2004)).

In the Complaint, Plaintiff alleges that Officer Campbell subjected him to a strip search in which he twisted the inmate's thumb until it "popped out of place," shoved him

---

[4] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (action fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face").

to the floor while cuffed, pulled his shirt over his head, and beat him. Count 1 survives screening against Officer Campbell.

### Count 2

Under the First Amendment, a prima facie case of retaliation requires a plaintiff to show that he engaged in protected activity, suffered a deprivation that would likely deter a reasonable person from engaging in that activity in the future, and his protected activity was a motivating factor for the retaliation. *Wright v. Funk*, 853 F. App'x 22, 24 (7th Cir. 2021) (citing *Daugherty v. Page*, 906 F.3d 606, 610 (7th Cir. 2018)). Even where a plaintiff makes this showing, however, the claim still fails if the defendant acted for a legitimate penological reason. *Wright v. Funk*, 853 F. App'x at 25 (citing *Brown v. Phillips*, 801 F.3d 849, 855 (7th Cir. 2015)).

When construing the allegations in favor of the *pro se* plaintiff, the Court finds that the Complaint sufficiently articulates a retaliation claim against Officer Campbell. Plaintiff alleges that Officer Campbell told him he was going to "get [Plaintiff] back" for filing a complaint against him. Shortly thereafter, the officers searched Plaintiff's cell, confiscated a sheet of paper containing suspected drugs, strip-searched the plaintiff in a painful and humiliating manner, and then transferred him to segregation. At the time of this incident, Plaintiff alleges that he had a pending lawsuit against Officer Campbell.

At this early stage, the allegations suggest that Officer Campbell's conduct was motivated in part by retaliatory animus, and a reasonable person subjected to this treatment would be discouraged from exercising his right to file a complaint or lawsuit in the future. Count 2 will proceed against Officer Campbell.

However, the retaliation claim does not survive screening against Officer Armbruster. Section 1983 requires personal involvement in a constitutional deprivation. *See Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018). Plaintiff does not allege that Officer Armbruster threatened retaliation or heard another officer do so. Plaintiff also does not allege that Officer Armbruster was involved in his strip search, transfer to segregation, or injuries. Count 2 will be dismissed without prejudice against Officer Armbruster for failure to state a claim.

## DISPOSITION

The Complaint (Doc. 1) survives screening under 28 U.S.C. § 1915A. **COUNTS 1** and **2** will proceed against Defendant **R. CAMPBELL**. However, **COUNT 2** is **DISMISSED** without prejudice for failure to state a claim against Defendant **JESSICA N. ARMBRUSTER**. **The Clerk's Office is DIRECTED to TERMINATE Defendant JESSICA N. ARMBRUSTER as a party in CM/ECF.**

With regard to **COUNTS 1** and **2,** the Clerk of Court shall prepare for **R. CAMPBELL**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, the Complaint (Doc. 1), and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

6

If Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint (Doc. 1) and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244 and SDIL-Local Rule 8.2, Defendant need only respond to the issues stated in this Merit Review Order**.

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: December 4, 2025**

                                            **/s/ Mark A. Beatty**
                                            **MARK A. BEATTY**
                                            **United States Magistrate Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the Defendant of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, Defendant will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendant's Answer, but it is entirely possible that it will take **90 days** or more. When Defendant has filed an Answer, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendant before filing any motions, to give the Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.