## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **CHARLES S. HARTZOL, III,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 3:25-CV-1629-MAB[1]** |
| | ) | |
| **RICK CAMPBELL,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

**BEATTY, Magistrate Judge:**

This matter is currently before the Court on the motion to dismiss for lack of prosecution filed by Defendant Rick Campbell (Doc. 29).

Plaintiff Charles Hartzol filed this *pro se* lawsuit in August 2025 pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights at Menard Correctional Center (Doc. 1; Doc. 12). Plaintiff was incarcerated at the time he filed the complaint (*see* Doc. 1). He was advised at least twice of his continuing obligation to keep the Clerk of Court informed of any change in his address and that his failure to do so may result in dismissal of his case (Docs. 4, 12). Local Rule 3.1(b)(2) also outlines this continuing obligation, as Plaintiff is proceeding *in forma pauperis* (*see* Doc. 7).

Defendant Campbell filed a motion for summary judgment on the issue of exhaustion on May 1, 2026 (Doc. 26). Four days later, he filed a Rule 56 Notice informing

---

[1] This case was assigned to the undersigned for final disposition upon consent of the parties pursuant to 28 U.S.C. §636(c) (*see* Doc. 22; *see also* Docs. 8, 9, 18).

Plaintiff of the consequences of failing to respond to a motion for summary judgment (Doc. 28). Defendant Campbell served both filings on Plaintiff by mailing them via the United States Postal Service to Plaintiff at Menard Correctional Center (Doc. 26, p. 8; Doc. 28, p. 5). On May 18, 2026, both pieces of mail were returned to defense counsel as undeliverable due to the fact Plaintiff had been paroled (Doc. 29, p. 1; Doc. 29-1), which prompted Defendant to file the instant motion to dismiss for lack of prosecution.

The Illinois Department of Corrections website indicates that Plaintiff was paroled on February 25, 2026. *Individual in Custody Search*, ILL. DEP'T OF CORR., https://idoc.illinois.gov/offender/inmatesearch.html (type "Hartzol, Charles" into search box) (last visited June 25, 2026) [https://perma.cc/P8NH-LP83]. To date, Plaintiff has not updated his address with the Court. He has not filed a response in opposition to Defendant Campbell's motion for summary judgment on the issue of exhaustion (Doc. 26). Nor has he filed a response in opposition to Defendant Campbell's motion to dismiss for lack of prosecution (Doc. 29).

Under Federal Rule of Civil Procedure 41(b), a court may dismiss an action with prejudice "if the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or any court order." FED. R. CIV. P. 41(b). "The court should exercise this right sparingly" and should dismiss a case "only when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing" and an explicit warning has been provided to the plaintiff that dismissal is imminent. *Salata v. Weyerhaeuser Co.*, 757 F.3d 695, 699 (7th Cir. 2014) (quoting *Webber v. Eye Corp.*, 721 F.2d 1067, 1069 (7th Cir. 1983)).

In this matter, Plaintiff is proceeding *pro se*, and the Court is mindful of the difficulties he faces in doing so. But Plaintiff is nevertheless obligated to comply with Court orders and deadlines and to communicate with opposing counsel and the Court. Given Plaintiff's prolonged lack of substantive action in this case, his failure to communicate with opposing counsel and the Court, and his failure to keep everyone apprised of his location, Plaintiff has given the Court no other option but to dismiss the case.

Consequently, Defendant Campbell's motion to dismiss for lack of prosecution (Doc. 29) is **GRANTED**. Defendant Campbell's motion for summary judgment on the issue of exhaustion (Doc. 26) is rendered **MOOT**. This matter is **DISMISSED** with prejudice pursuant to Rule 41(b) for failure to comply with a Court Order and failure to prosecute. The case is **CLOSED**, and the Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: June 29, 2026**

_Mark A. Beatty_

**MARK A. BEATTY**
**United States Magistrate Judge**

## NOTICE

Plaintiff is advised that this is a final decision ending his case in this Court. If Plaintiff wishes to contest this decision, he can appeal to the Seventh Circuit by filing a notice of appeal in the district court *within 30 days* of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). This deadline can be briefly extended upon a motion demonstrating excusable neglect or good cause. FED. R. APP. P. 4(a)(5)(A), (C). *See also Sherman v. Quinn*, 668 F.3d 421, 425 (7th Cir. 2012) (explaining the good cause and excusable neglect standards); *Abuelyaman v. Illinois State Univ.*, 667 F.3d 800, 807 (7th Cir. 2011) (explaining the excusable neglect standard).

Plaintiff also has the option—prior to filing a notice of appeal—of filing a post-judgment motion under Rule 59(e) or Rule 60 asking the undersigned to reconsider the judgment. Any such motion, so long as it is in proper form and timely filed, will stop the clock for filing a notice of appeal until the district court has decided the motion. FED. R. APP. P. 4(a); *Robinson v. Sweeny*, 794 F.3d 782, 783 (7th Cir. 2015). To be "proper," the motion must state the grounds for relief from the adverse judgment. *Robinson*, 794 F.3d at 783.[2] To be timely, the motion must be filed within 28 days of the entry of judgment, and that deadline *cannot* be extended. FED. R. APP. P. 4(a)(4)(A)(iv), (vi); FED. R. CIV. P. 59(b); FED. R. CIV. P. 6(b)(2); *Banister v. Davis*, 590 U.S. 504, 507 (2020). Once the motion is ruled on, the 30-day clock to file a notice of appeal will begin anew. *Banister*, 590 U.S. at 508 (citing FED. R. APP. P. 4(a)(4)(A)(iv)).

The current cost of filing an appeal with the Seventh Circuit is $605.00. The filing fee is due at the time the notice of appeal is filed. FED. R. APP. P. 3(e). If Plaintiff cannot afford to pay the entire filing fee up front, he must file a motion for leave to appeal *in forma pauperis* ("IFP motion") along with a recent statement for his prison trust fund account. *See* FED. R. APP. P. 24(a)(1)(C). The IFP motion must set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C).

---

[2] *Accord Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826 (7th Cir. 2014) (motion will toll time to appeal so long as it contains an identifiable and substantive reason for reconsidering); *Elustra v. Mineo*, 595 F.3d 699, 707 (7th Cir. 2010) (in order to toll time for filing notice of appeal, motion must comply with Rule 7.1(b)(1) and "state with particularity the grounds for seeking the order" and "the relief sought").